**Paul D. TRAPP, Petitioner,**

v.

**G. A. REYNOLDS, Superintendent Virginia Field Correctional Unit #9, et al., Respondents.**

Civ. A. No. 74–C–33–L.

United States District Court,
W. D. Virginia,
Lynchburg Division.
June 19, 1974.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION AND JUDGMENT

DALTON, District Judge.

On April 10, 1974 the plaintiff, Paul Trapp, received a letter at the Rustburg Correctional Unit postmarked April 3rd. Plaintiff alleges that subsequently he discovered that the letter had arrived at the Unit on April 6th and had been inspected by prison officials prior to his receipt. He contends that the defendants' inspection and retention of the correspondence without his knowledge violated his constitutional rights.

■■■ The authority of prison officials to impose reasonable restrictions upon inmate correspondence is firmly established in American jurisprudence. *E. g.*, McCloskey v. State of Maryland, 337 F.2d 72 (4th Cir. 1964). This term the United States Supreme Court for the

first time addressed the issue of the appropriate standard of review for prison regulations restricting freedom of speech; and thereby reaffirmed this long standing principle. Procunier v. Martinez, No. 72–1465, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Since prison officials may, within reasonable bounds, censor incoming and outgoing inmate mail, necessarily they have the authority to inspect correspondence to determine if it need be censored.

The correspondence in question was opened and inspected because the correctional officer inspecting incoming mail became suspicious because the envelope was one quarter to one half an inch thick. The envelope contained a number of written pages and several Polaroid photographs, one of which was of a nude woman and another of nude men and women. The inspecting officer showed the pictures to another officer who was present when the envelope was opened in order to get his opinion as to whether the pictures were pornographic and therefore subject to censorship. The officers determined that this decision should be made by the Unit Superintendent in accordance with Division Guidelines [1] and resealed the contents in the envelope and placed it on the Superintendent's desk.

The Superintendent, who had been on leave for several days, returned to the

---

[1]. The Division Guidelines provide in part:

II. *Administration of General Correspondence Privileges*—The Superintendent of each institution is responsible for the guidance and direction of institutional staff in providing correspondence privileges and procedures within Division Guidelines:

1. Inmates may correspond with anyone they wish with the exception that no correspondence shall be permitted with inmates serving sentences in other institutions under the control of the Division of Corrections unless the Superintendents of the institutions concerned determine that such correspondence is in the best interest of both the inmate and the institution. Correspondence between members of a family serving sentences in different institutions shall be permit-

ted with the approval of the superintendents involved.

2. All incoming correspondence of a general nature will be inspected for contraband but not otherwise read or censored with the exception that the Director specifically reserves the right to read for content mail of individual inmates in cases where there is reasonable cause to believe that an individual inmate is using the mails for purposes which directly threaten the security of the institution. The Director shall exercise this right upon written recommendation of an institutional Superintendent, Assistant Director or other proper party. The recommendation shall state the name of the person recommending the censorship and shall state specifically the grounds for the recommendation.

Unit on April 10th and examined the contents of the sealed envelope which contained the signatures of the inspecting officers. He determined that the photographs were not pornographic and instructed that the letter and all the photographs be immediately given to the plaintiff.

██ The few days delay in receiving the correspondence experienced by the plaintiff was merely concomitant to the recognized authority of the prison officials to inspect inmate mail. Of course, had the letter or photographs been rejected or censored the prison officials would have had to notify the plaintiff of their action. Procunier v. Martinez, No. 72–1465, 416 U.S. at 418, 94 S.Ct. 1800 (1974). But there was no censorship and the court finds no constitutional deprivation resulting from the decision to retain the correspondence for several days without notifying plaintiff while awaiting the return of the Unit Superintendent.

For the aforementioned reasons the complaint is hereby ordered dismissed.